## MATTER OF HAN

## In DEPORTATION Proceedings

## A-11475819

*Decided by Board August 10, 1962*

A special inquiry officer at a deportation hearing has no authority to adjudicate a visa petition to accord a respondent first-preference status under section 203(a)(1) of the Immigration and Nationality Act or respondent's application for a waiver of the foreign-residence requirement under section 212(e) of that Act (See also, *Matter of Rosenblatt*, Int. Dec. No. 1260, and *Matter of Irie*, Int. Dec. No. 1304).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—exchange visitor.

This case comes forward on appeal from an order entered by the special inquiry officer on June 11, 1962, denying the respondent's application for adjustment of his immigrant status to that of a permanent resident as provided in section 245 of the Immigration and Nationality Act on the ground that he is ineligible therefor but granting his request that he be permitted to depart voluntarily from the United States, in lieu of deportation, and directing that if he fails to depart when and as required he be deported to England, the country designated by him, on the charge designated above and further directing that if the aforementioned country advises that it is unwilling to accept him into its territory, * * * he be deported from the United States to Korea.

The respondent, a 33-year-old married male, native and citizen of Korea, has resided continuously in the United States since his admission at Seattle, Washington, on September 27, 1955 as a nonimmigrant exchange visitor until September 26, 1956. He was granted several extensions of his temporary period of admission, the last of which expired on March 13, 1962. He has remained in the United States without permission since the latter date. Deportation proceedings were instituted against the respondent on March 19, 1962 and a

hearing in deportation proceedings was held at Peace Bridge, Buffalo, New York on May 1, 1962, at which time the respondent and counsel admitted the truth of the factual allegations set forth in the order to show cause and conceded deportability on the charge stated therein. On the basis of the evidence present in this record the respondent is subject to deportation under the provisions of section 241(a)(2) of the Immigration and Nationality Act, in that, after admission as a nonimmigrant exchange visitor under section 101(a)(15) of the Immigration and Nationality Act, he has remained in the United States for a longer time than permitted.

On examination of the record we find that the respondent was married to a native and citizen of Korea at Syracuse, New York on January 21, 1961. A citizen child was born of this union at New Hartford, New York on August 16, 1961 (Exs. 13 & 14). The respondent's wife is a lecturer in mathematics at Utica College, a division of Syracuse University at Utica, New York (p. 21). A visa petition executed and filed by Syracuse University on August 9, 1961 on behalf of the respondent's spouse for the issuance of an immigrant visa under section 203(a)(1)(A) of the Immigration and Nationality Act was approved by the Service on September 20, 1961. The respondent received a M.D. degree from Taegu Medical College in Korea. The respondent, as a part of his training as a medical scientist, is engaged in research and the work is currently in progress in the Department of Physiology at the State University of New York, Upstate Medical Center in Syracuse, where he is enrolled as a candidate for the degree of Doctor of Philosophy in Physiology. The respondent has been employed at the Masonic Laboratory since June 1960 at an annual stipend of $7,500.

The Masonic Foundation for Medical Research and Human Welfare at Utica, New York filed a visa petition with the special inquiry officer to have the respondent accorded first preference status under section 203(a)(1) of the Immigration and Nationality Act (Ex. 10). There was also filed with the special inquiry officer an application for a waiver of the residence requirement under section 212(e) of the Immigration and Nationality Act (Ex. 11). Counsel on appeal asserted that the respondent was entitled to have the special inquiry officer adjudicate his application for a waiver under section 212(e) of the Immigration and Nationality Act and the petition to accord him first preference status under section 203(a)(1) since the aforementioned are ancillary to the respondent's application for adjustment of his immigrant status to that of a permanent resident as provided in section 245 of the Immigration and Nationality Act. We find no merit to the aforementioned argument of counsel.

There is no authority conferred upon the special inquiry officer by law or regulation to pass upon or adjudicate the petition executed by the respondent's employer to accord him first preference status under section 203(a)(1)(A) of the Immigration and Nationality Act or his application for a waiver as provided in section 212(e) of the Act. Part 103.1, 8 CFR, confers upon District Directors the general authority to determine all petitions and applications. Part 103.2, 8 CFR, among other things provides that every formal application or petition shall be filed in accordance with the instructions contained thereon, such instructions being incorporated in the particular sections of the regulations requiring its submission. * * * . Form I-130 (Petition to Classify Status of Alien for Issuance of Immigrant Visa) shows that the District Directors are the only ones authorized to approve or revalidate a petition to accord status under section 203(a)(1) of the Immigration and Nationality Act.

The respondent was admitted to the United States as a nonimmigrant exchange visitor under section 101(a)(15)(J) of the Immigration and Nationality Act, as amended. Section 212(e) of the Immigration and Nationality Act provides that no person admitted to the United States under section 101(a)(15)(J) or acquiring such status after admission shall be eligible to apply for an immigrant visa, or for permanent residence, * * * until it is established that such person has resided and been physically present in the country of his nationality or his last residence, or in another foreign country for an aggregate of at least two years following departure from the United States: * * * or obtains a waiver of such two-year foreign residence requirement because of exceptional hardship upon the alien's spouse or child, if such spouse or child is a citizen of the United States. The statute specifically provides that upon the favorable recommendation of the Secretary of State, pursuant to a request of an interested Government agency, or of the Commissioner of Immigration and Naturalization after it has been determined that departure from the United States would impose exceptional hardship on the alien's spouse or child if such spouse or child is a citizen of the United States or a lawful resident alien, the Attorney General may waive the requirement of such two years' residence abroad * * *.

Adjustment of status to that of a person admitted for permanent residence under section 245 of the Immigration and Nationality Act is dependent upon the alien's eligibility to receive an immigrant visa and admissibility to the United States as well as an immigrant visa being immediately available to him at the time his application is approved. Visa Office Bulletin No. 98 dated August 1, 1962 shows that the first preference portion of the quota for Korea is pre-empted for a period in excess of two years and the remaining classifications for

Korea are either oversubscribed or unavailable. Since an immigrant visa is not immediately available to the respondent, he is ineligible for adjustment of his immigration status under section 245 of the Act. The special inquiry officer's decision of June 11, 1962 is dispositive of counsel's remaining arguments on appeal. The fact that the respondent may on some future date become the beneficiary of legislation, which is now being considered by the Congress of the United States, is not pertinent to the disposition of this appeal.

Upon full consideration of all the evidence of record, together with counsel's representations on appeal, the decision of the special inquiry officer will be affirmed. The respondent has been accorded the privilege of voluntary departure which is the maximum discretionary relief available to him in the premises. For the reasons stated, the following order will be entered.

**ORDER:** It is ordered that the appeal be dismissed.