MATTER OF ROSENBLATT

In DEPORTATION Proceedings

A-10588440

*Decided by Board January 18, 1963*

Neither the Board of Immigration Appeals nor the special inquiry officer, in deportation proceedings, has jurisdiction to grant or to review the denial of a waiver of the foreign-residence requirements of section 212(e) of the Immigration and Nationality Act, as amended. (Reaffirmed, *Matter of Irie*, Int. Dec. No. 1304.)

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant remained longer.

The case comes forward on appeal from the order of the special inquiry officer dated October 8, 1962, denying the respondent's application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, denying the application of the respondent for suspension of deportation pursuant to section 244(a)(5) of the Act but granting the respondent's application for the privilege of voluntary departure in lieu of deportation, with the further order that if respondent failed to depart as required, the privilege of voluntary departure would be withdrawn and the respondent would be deported from the United States to the Republic of the Philippines on the charge contained in the order to show cause.

The record relates to a native and citizen of the Philippine Islands 33 years old, female, who last entered the United States through the port of Honolulu, Hawaii, on January 10, 1955, at which time she was admitted as an exchange visitor to receive training as a medical doctor. Her last extension of temporary stay in the United States expired December 4, 1961, but she has failed to depart from the United States. Deportability on the charge contained in the Order to Show Cause is established.

The respondent has made application for adjustment of status to that of a permanent resident pursuant to the provisions of section 245

of the Immigration and Nationality Act. The respondent was orig-
inally admitted as an exchange visitor to receive training as a medical
doctor. She therefore comes under the provisions of 8 CFR 245.1
which provides in pertinent part:

Pursuant to section 212(e) of the Act, an alien who has or has had the status
of an exchange alien or of a nonimmigrant under section 101(a)(15)(J) of the
Act is not eligible for the benefits of section 245 of the Act unless he has com-
plied with the foreign residence requirements of section 212(e) of the Act or
has been granted a waiver thereof.

Section 212(e) of the Immigration and Nationality Act, as added by
the Act of September 21, 1961 (P.L. 87-256), the Mutual Educational
and Cultural Exchange Act of 1961, provides as follows:

No person admitted under section 101(a)(15)(J) or acquiring such status
after admission shall be eligible to apply for an immigrant visa, or for per-
manent residence, or for a nonimmigrant visa under section 101(a)(15)(H) until
it is established that such person has resided and been physically present in the
country of his nationality or his last residence, or in another foreign country
for an aggregate of at least two years following departure from the United
States: *Provided*, That such residence in another foreign country shall be con-
sidered to have satisfied the requirements of this subsection if the Secretary of
State determines that it has served the purpose and the intent of the Mutual
Educational and Cultural Exchange Act of 1961: *Provided further*, That upon
the favorable recommendation of the Secretary of State, pursuant to the request
of an interested United States Government agency, or of the Commissioner of
Immigration and Naturalization after he has determined that departure from
the United States would impose exceptional hardship upon the alien's spouse
or child (if such spouse or child is a citizen of the United States or a lawfully
resident alien), the Attorney General may waive the requirement of such two-
year foreign residence abroad in the case of any alien whose admission to the
United States is found by the Attorney General to be in the public interest: *And
provided further*, That the provisions of this paragraph shall apply also to those
persons who acquired exchange visitor status under the United States Informa-
tion and Educational Exchange Act of 1948, as amended.

The respondent submitted an application for a waiver to the Im-
migration and Naturalization Service and on June 11, 1962, was
informed by the District Director, Los Angeles District, that the
application for a waiver had been denied (Ex. 5). The special inquiry
officer has concluded that the granting of the waiver under section
212(e) lies within the jurisdiction and the discretion of the District
Director and that the authority to grant such a waiver has not been
delegated to a special inquiry officer; therefore, he has no authority
either to act in connection with such an application for a waiver or to
review any decision made by the District Director upon an application
for a waiver.

Counsel contends that the provisions of section 235(a) of the Im-
migration and Nationality Act (8 U.S.C. 1225(a)) and of the regula-
tions 8 CFR 242.17(a) are broad enough to allow the special inquiry

officer to examine every aspect of the respondent's eligibility for adjustment of status. He summarizes his argument by stating that the Board has been granted jurisdiction to review the decision of the special inquiry officer as to eligibility for adjustment of status under section 245 of the Act and, unless there is a specific statute or regulation to the contrary, the question of eligibility must also include a determination of the applicant's eligibility for a waiver of the two-year residence requirements.

The nonimmigrant status of the respondent is defined in section 101(a)(15)(J) of the Immigration and Nationality Act as added by section 109(b) of the Act of September 21, 1961 (The Mutual Educational and Cultural Exchange Act of 1961) as an alien having a residence in a foreign country which he has no intention of abandoning who is a bona fide student, scholar, trainee, teacher, professor, research assistant, specialist, or leader in a field of specialized knowledge or skill, or other person of similar description, who is coming temporarily to the United States as a participant in a program designated by the Secretary of State, for the purpose of teaching, instructing or lecturing, studying, observing, conducting research, consulting, demonstrating special skills, or receiving training, * * *.

The legislative history dealing with this amendment discloses that a special new nonimmigrant visa was designed to serve solely the purposes of the Mutual Educational and Cultural Exchange Act of 1961 (H.R. 8666). By administrative arrangement a type (J) visa had been issued pursuant to authority in section 201 of the Educational Exchange Act. The main purpose of this new language is to reserve the (F) visa for students other than exchange students and made the new (J) type nonimmigrant available solely to nonimmigrants selected under the exchange program. The placing of exchange aliens in a separate category (J) would also simplify the administration of the two-year foreign residence requirement contained in the new subsection (b), which reenacts and amplifies P.L. 84-555 but contains one important change in existing law, namely, the requirement of the finding by the Secretary of State that the 2-years' residence abroad of an exchange alien, if not occurring in the country from which he came to the United States, was in accord with the basic purpose of the exchange program. The purpose of this modification of the existing requirement was to avoid a situation where an exchange alien trained in the United States prefers to spend the required two years in a country well supplied with the skills which he acquired in the United States to the obvious detriment of his own country or other areas where his skills could be better utilized.[1] To make available the services of exchangees

---

[1] Volume 2, *U.S. Code Congressional and Administrative News* (87th Cong. 1st Sess. 1961) 2774.

who possess talents required by our universities, foundations and other institutions, the language of the House Bill was modified to permit the waiver of the foreign residence requirement on the request of an interested United States Government agency; the language was also modified to permit an interested United States Government agency to request a waiver in other special circumstances. Its terms were extended to include those who acquired exchange visitor status under the Educational Exchange Act of 1948.[2]

While section 242.17(a) of Title 8, Code of Federal Regulations, gives the special inquiry officer authority to hear applications for suspension of deportation under section 244(a) or for adjustment of status under section 245 of the Act, such applications are made subject to the requirements contained in Parts 244 and 245. The special inquiry officer has the duty of informing the respondent of his apparent eligibility to apply for any of the benefits enumerated therein and to afford him an opportunity to make application therefor during the hearing. However, nothing in this section gives the special inquiry officer authority to grant the waiver provided for by section 212(e) of the Act. The authority to waive, on the basis of personal hardship to the alien, his citizen or resident alien spouse or child, is specifically delegated under section 212(e) to the Commissioner of Immigration and Naturalization who has in turn delegated such authority to the District Director. The regulations of the Department of Health Education and Welfare provide in 45 CFR 50.5 that the responsibility in connection with applications for a waiver based on the personal hardship provisions of the Department of State regulations, 22 CFR 63.6, are under the jurisdiction of the Immigration and Naturalization Service and inquiry should be directed to the appropriate district office of that Service: the regulation points out the same is true of applications for extension of visas. The State Department regulations, 22 CFR 63.6(f), provides that an exchange visitor who wishes to apply for a waiver under the personal hardship provisions of that section may apply to the District Director of the Immigration and Naturalization Service having administrative jurisdiction over his intended place of residence in the United States.

From the foregoing, it must be concluded that the authority to grant the waiver contained in section 212(e) of the Act, like the authority to grant extensions of visas, lies within the jurisdiction of the Immigration and Naturalization Service and not with the special inquiry officer.[3] The Board's jurisdiction as described in 8 CFR 3.1(b) includes appeals from decisions of the special inquiry officer in exclusion

[2] *Idem*, 2780.

[3] *Matter of Han*, Int. Dec. No. 1241 (B.I.A., August 10, 1962).

cases as provided in Part 236 and in deportation proceedings as provided in Part 242 of the Act, but does not extend to decisions of the District Director in the granting of the waiver under section 212(e).[4] We agree with the conclusion of the special inquiry officer that he has no jurisdiction to grant the waiver provided by section 212(e) nor to review the denial of such waiver. Accordingly, the application for adjustment of status under section 245 was properly denied.

In connection with respondent's application for suspension of deportation under section 244(a)(5) of the Immigration and Nationality Act the special inquiry officer concluded that the respondent was not statutorily eligible under that section because she does not have the required 10 years' residence. That conclusion is obviously correct. Even under the provisions for suspension of deportation in section 244(a) as amended by the Act of October 24, 1962 (76 Stat. 1247) the respondent would not be eligible because of the limitation contained in section 244(f) which provides that no provision of the amended section 244 shall be applicable to an alien who was admitted to the United States pursuant to section 101(a)(15)(J) or has acquired such status after admission to the United States. The special inquiry officer has granted the respondent the privilege of voluntary departure which appears to be the only discretionary relief available to her.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[4] Cf. *Matter of De G—et al.*, Int. Dec. No. 1036 (A.G., 1959).