MATTER OF IRIE

In DEPORTATION Proceedings

A-13212870

*Decided by Board October 23, 1963*

(1) Neither the Board of Immigration Appeals nor the special inquiry officer has authority to adjudicate an application for a waiver of the foreign residence requirement of section 212(e), Immigration and Nationality Act, as amended. (Reaffirms *Matter of Rosenblatt*, Int. Dec. No. 1260.)

(2) Jurisdiction to fix voluntary departure date lies with the district director. If an alien fails to effect voluntary departure within the time accorded him, the district director is vested with the power to deport him expeditiously notwithstanding that an application for relief may be pending, if the district director, after consideration of the bona fides of the application, the length of time adjudication will take, the ability of the alien to depart and return, the probability of the success of the application, and other pertinent factors, decides that the policy of the law will be defeated unless the alien promptly departs.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—exchange visitor.

This is an appeal from the order of the special inquiry officer requiring respondent's deportation upon the ground stated above, denying his application for adjustment of status to that of a permanent resident, and granting voluntary departure. Appeal will be dismissed.

Respondent, a 43-year-old married male, an alien, a native and citizen of Japan entered the United States on June 24, 1958 as an exchange visitor for a period ending June 30, 1963. He has remained without authorization. Deportability is conceded. The respondent's application for adjustment of status to that of a permanent resident under section 245 of the Act was denied on the ground that he had not established that an immigrant visa is immediately available to him. A visa is not available because, respondent having been admitted as an exchange visitor is not eligible for the issuance of an immigrant visa until he has been absent from the United States for two years.

The requirement as to absence may be waived; in fact, respondent filed an application for such a waiver with the District Director prior

to the deportation proceeding, but the application had not been ruled upon to the time oral argument was heard before the Board. At the deportation hearing, counsel asked the special inquiry officer to rule upon the application for the waiver; the special inquiry officer held that he had no jurisdiction to do this. This is the first issue we shall discuss.

Counsel contends that the special inquiry officer, having the power to grant the greater relief (adjustment of status to permanent residence) must also have the power to grant the lesser relief (waiver of the requirement that there be an absence of two years) and therefore should have acted upon the application for the waiver. Counsel is aware of the fact that in *Matter of Rosenblatt*, Int. Dec. No. 1260, and other decisions, the Board held that a special inquiry officer has no authority to pass upon an application for a waiver of the absence requirement; however, counsel believes the precedents are distinguishable because either dicta is involved or the cases would have required review of a prior determination made by the District Director on the application for a waiver. In the instant case, counsel points out that no decision by the District Director had been made upon the application for the waiver at the time the deportation hearing was held.

We do not find the contention persuasive. In *Matter of Rosenblatt*, *supra*, the alien in deportation proceedings, requested that the special inquiry officer rule upon an application for a waiver under section 212(e) of the Act. The alien contended, as in the instant case, that the special inquiry officer could draw authority to make such a ruling from his power to examine an alien's eligibility for adjustment of status. An application for the waiver had been denied by the District Director prior to the deportation proceeding. The Board held that neither the special inquiry officer nor the Board had jurisdiction to consider the application or to review a decision made by the District Director upon such an application. The Board's decision was bottomed, not upon the fact that an application for the waiver had been previously denied by the District Director, but upon the fact that an examination of the law and regulations revealed there was no authority for the special inquiry officer or the Board to take jurisdiction in the matter, such authority having been specifically delegated elsewhere. We see no reason to change the decision we made in *Matter of Rosenblatt*, *supra*. Counsel's first contention must be rejected.

The second issue raised by counsel arises from the fact that the special inquiry officer having granted respondent voluntary departure, refused, on the ground that he lacked jurisdiction, to comply with counsel's request that he couple the grant of voluntary departure with a provision that the respondent must be permitted to stay in the United States until there had been a ruling upon his application for an adjust-

ment of status. This contention is more troublesome for it points out that despite the fact that a special inquiry officer may have given a respondent in deportation proceedings voluntary departure, the District Director may nevertheless order the respondent deported before a decision is made on the merits of a pending application. Counsel suggests that justice can be done only if a limitation is placed upon the District Director's power to deport an alien until the alien's pending application for adjustment of status is decided. Counsel suggests that the possibility of abuse stemming from deportation of an alien before a ruling had been made upon an application which would have permitted him to become a lawful resident of the United States, requires that deportation proceedings be held in abeyance until a decision is made upon a pending application for relief. If, however, deportation proceedings must be held, counsel contends that either the decision of the special inquiry officer should be deferred until a ruling is received upon the application, or the order of the special inquiry officer finding an alien deportable and granting voluntary departure should contain a provision preventing deportation before a ruling is handed down by the District Director upon the application.

The Service representative states that administrative reasons require that deportation proceedings be processed to a final conclusion giving the authorities the right to deport the alien, but that the Service has pursued a lenient policy with respect to the forcible removal of aliens who have applications pending. He points out that often there is a long delay which occurs in ruling upon applications for a waiver because agencies other than the Service are involved. Finally, the Service representative contends that the Board has no jurisdiction to consider the issue arising out of the length of time which an alien shall be permitted to remain in the United States after the special inquiry officer has found him deportable, when the only issue involved is the failure of the District Director to pass upon a pending application for relief.

Although counsel has presented a few situations, some real, some hypothetical, which in his opinion involved or could involve abuse of the District Director's power to deport, we do not believe he has demonstrated that a real problem exists. If there should be an abuse of discretion, the courts, and this Board (we need not enter into a question as to our authority to do so at this time) have the power to see that justice is done. Furthermore, it appears to us that if an alien, having been found deportable for violation of the immigration laws, fails to depart in accordance with the provisions of the privilege of voluntary departure which has been given to him, there should be a power in the District Director to deport him expeditiously even though an application for relief may be pending, if the District Di-

rector, after consideration of the bona fides of the application, the length of time adjudication will take, the ability of the alien to depart and return, the probability of the success of the application, and other pertinent factors, decides that the policy of law will be defeated unless the alien promptly departs. Such power, like all power is subject to abuse; however, as we have stated, we have not been shown that it is the policy to abuse this power and it is uncalled-for to assume that a government official would deliberately abuse this power as a matter of policy. Furthermore, the Service representative has assured us that the power is leniently used. We believe the appeal should be dismissed without prejudice to reconsideration if the application for the waiver is favorably acted upon.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed without prejudice to reconsideration if the application for the waiver is favorably acted upon.