MATTER OF OUM

In Deportation Proceedings

A-12297563
A-13814164

*Decided by Board April 19, 1973*

An alien recipient of a Fulbright Travel Grant who entered the United States in 1961 as a nonimmigrant student under section 101(a)(15)(F)(i) of the Immigration and Nationality Act, as amended; whose status was changed in 1962 to that of an exchange visitor under section 101(a)(15)(J) of the Act; and who has received no Government financing since his arrival in this country, has not participated in an exchange program "financed in whole or in part, directly or indirectly, by an agency of the Government of the United States" within the contemplation of section 212(e) of the Act, as amended. Hence, such alien is not subject to the two-year foreign residence requirement applicable to exchange visitors.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—After admission as nonimmigrants under section 101(a)(15), remained longer than permitted.

ON BEHALF OF RESPONDENTS:
Howard L. Kushner, Esquire
730 Main Street
Niagara Falls, New York 14301

ON BEHALF OF SERVICE:
David L. Milhollan
Appellate Trial Attorney

Gordon W. Sacks
Trial Attorney

This is an appeal from an order of a special inquiry officer finding the respondents deportable, denying their requests for adjustment of status, and granting them the privilege of voluntary departure. The matter will be remanded to the special inquiry officer for a new determination regarding the respondents' applications for adjustment of status under section 245 of the Immigration and Nationality Act.

The respondents are husband and wife, both natives and citizens of Korea. The male respondent entered the United States in September 1961 as a student under section 101(a)(15)(F)(i) of the Immigration and Nationality Act. He was the recipient of a Fulbright Travel Grant. In 1962 he changed his status to that of

an exchange visitor under section 101(a)(15)(J) of the Act, and in April 1964 the female respondent entered the United States as the spouse of an exchange visitor pursuant to section 101(a)(15)(J).

In August 1969 deportation proceedings were instituted against both respondents, charging that after their admission as nonimmigrants they had remained beyond September 30, 1968 without permission or authority. The proceedings were reopened in 1970 to determine the effect on respondents of an amendment to section 212(e) of the Act which pertains to the availability of section 245 relief to certain exchange visitors.

As amended by Public Law 91-225, section 212(e) provides in pertinent part:

> No person admitted under section 101(a)(15)(J) or acquiring such status after admission whose (i) participation in the program for which he came to the United States was financed in whole or in part, directly or indirectly, by an agency of the Government of the United States or by the government of the country of his nationality or his last residence ... shall be eligible to apply for ... permanent residence ... until ... such person has resided and been physically present in the country of his nationality or his last residence for an aggregate of at least two years following departure from the United States.
>
> ...

The special inquiry officer determined that the male respondent's receipt of a Fulbright Travel Grant constituted financing by the government of the United States within the scope of amended section 212(e), and thus subjected the respondents to the two-year foreign residence requirement of that section.

We disagree. The male respondent received the grant prior to his entry as a student under section 101(a)(15)(F)(i) of the Immigration and Nationality Act. There is no evidence that he was participating in an exchange visitor program at that time. A year after his arrival in the United States he complied with a suggestion that he take steps to have his status changed to that of an exchange visitor under section 101(a)(15)(J) of the Immigration and Nationality Act. He has received no government financing since his arrival in the United States. On the facts of this record we cannot find that his participation in an exchange program was financed in whole or in part, directly or indirectly, by an agency of the United States Government, within the contemplation of amended section 212(e). We conclude that the respondents are statutorily eligible for section 245 relief. We shall, therefore, remand this matter to the special inquiry officer for his determination regarding the respondents' applications for adjustment of status.

ORDER: *It is ordered* that this matter be remanded to the special inquiry officer for further proceedings consistent with the foregoing opinion.

341