MATTER OF MOMBO

In Deportation Proceedings

A–12239144

*Decided by Board July 2, 1974*

(1) Respondent, who entered the United States in 1960 as an exchange visitor, and who has not been granted a waiver of the foreign residence requirement applicable to exchange visitors, is precluded by the provisions of section 244(f)(2) of the Immigration and Nationality Act, as amended, from establishing statutory eligibility for suspension of deportation.

(2) Respondent, an exchange visitor who participated in an educational program which was financed in part by the United States Government, is precluded by the provisions of section 212(e)(i) of the Act, as amended, from establishing eligibility for adjustment of status under section 245 of the Act, since he has not "resided and been physically present in the country of his nationality or his last residence for an aggregate of at least two years following departure from the United States."

(3) Neither the immigration judge nor the Board of Immigration Appeals has authority to grant, or to review the denial of, a waiver of the two-year foreign residence requirement of section 212(e) of the Act, as amended. [*Matter of Han,* 10 I. & N. Dec. 53; *Matter of Rosenblatt,* 10 I. & N. Dec. 154; and *Matter of Irie,* 10 I. & N. Dec. 372, reaffirmed.]

CHARGE:

    Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Exchange visitor— remained longer.

ON BEHALF OF RESPONDENT:
Austin T. Fragomen, Jr., Esquire
Elmer Fried, Esquire
515 Madison Avenue
New York, New York 10022

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

In a decision dated March 16, 1973, the immigration judge found the respondent deportable as charged, denied his application for suspension of deportation, denied his application for adjustment of status, but granted him the privilege of departing voluntarily from the United States within 106 days in lieu of deportation. The respondent has appealed from that decision. The appeal will be dismissed.

1

The respondent is a native and citizen of Liberia who entered the United States in 1960 as an exchange visitor pursuant to section 101(a)(15)(J) of the Immigration and Nationality Act. He participated in an educational program which was financed in part by the United States Government (Tr. p. 4). The respondent has conceded deportability as a nonimmigrant who remained beyond the authorized length of his stay. The only issues on appeal involve his eligibility for suspension of deportation and adjustment of status under sections 244 and 245, respectively, of the Act.

Section 244(f)(2) of the Act provides that the provisions relating to suspension of deportation shall not be applicable to an alien who was admitted to the United States pursuant to section 101(a)(15)(J) of the Act. Therefore, we agree with the immigration judge that the respondent is not eligible for suspension of deportation under section 244.

In order to show eligibility for adjustment of status under section 245 of the Act, an alien must establish, among other things, that he is eligible to receive an immigrant visa and that he is admissible to the United States for permanent residence. Section 212(e)(i) of the Act provides, in part, that a person who was admitted to the United States under section 101(a)(15)(J) of the Act, and who participates in a program financed wholly or partially by an agency of the United States Government, shall not be eligible to apply for an immigrant visa or permanent residence until he has resided and been physically present in the country of his nationality or last residence for an aggregate of at least two years following departure from the United States. The respondent has not met this requirement. We agree with the immigration judge that the respondent is not eligible for adjustment of status under section 245 of the Act.

Under certain circumstances, the Attorney General may waive the two-year foreign residency requirement of section 212(e), thus removing that ground of ineligibility for an immigrant visa. The Attorney General's authority to grant such a waiver has been delegated to the district director. See 8 CFR 103.1(f). The respondent applied for a waiver under section 212(e), and in a letter dated February 10, 1969, the district director denied that application. The immigration judge concluded that he had no authority to review the district director's denial of the waiver. On appeal, counsel contends that the immigration judge erred in reaching that conclusion.

We have held that neither the immigration judge nor the Board has authority to grant, or to review the denial of, the waiver contained in section 212(e) of the Act. *Matter of Irie*, 10 I. & N. Dec. 372 (BIA, 1963); *Matter of Rosenblatt*, 10 I. & N. Dec. 154 (BIA, 1963); *Matter of Han*, 10 I. & N. Dec. 53 (BIA, 1962). Counsel has asked us to overrule our prior decisions. Upon consideration of the contentions advanced by

counsel in his briefs and during oral arguments, we conclude that the position we took in *Irie, Rosenblatt,* and *Han* was correct and should be reaffirmed.[1]

We note that the immigration judge granted the respondent more than three months in which to depart voluntarily from the United States, in order to allow sufficient time for the processing of another application for a waiver of the two-year foreign residence requirement. Since more than a year has paassed since the immigration judge's decision, the respondent has certainly had abundant time to pursue his application for a waiver. We have received no information to indicate that such a waiver has been obtained.

The immigration judge's decision was correct. The appeal will be dismissed.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 106 days from the date of this order or any extensions beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

---

[1] Section 212(e) of the Act was amended in 1970. That amendment, however, has no effect on our holding that the immigration judge and the Board both lack jurisdiction over waiver applications under section 212(e). Jurisdiction to review a district director's denial of an application for a waiver under section 212(e) is now specifically vested in the Regional Commissioner. 8 CFR 212.7(c); 8 CFR 103.1(e)(9).