MATTER OF BATERINA

In Deportation Proceedings

A-19863283

*Decided by Board March 3, 1977*

(1) The immigration judge has the authority to make an independent determination as to whether an alien is subject to the foreign residence requirement of section 212(e) of the Immigration and Nationality Act.

(2) Even though the regulations governing the applicability of the Skills List (22 C.F.R. 41.65(b)) provide that aliens granted exchange-visitor visas after its effective date (April 25, 1972) shall not be subject to it, and alien reinstated in exchange-visitor status after April 25, 1972, is subject to the Skills List in the same manner as an alien obtaining an exchange-visitor visa for the first time after that date.

(3) Proceeding remanded to the immigration judge for a determination of whether the respondent is subject to the foreign residence requirement as a registered nurse trained in a recognized nursing specialty.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer

ON BEHALF OF RESPONDENT: William B. Howell, Esquire
1200 Wilshire Boulevard
Suite 404
Los Angeles, California 90017

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

In a decision dated June 1, 1976, an immigration judge denied the respondent's motion to reopen her deportation proceedings so that she could apply for adjustment of status under section 245 of the Immigration and Nationality Act. The respondent has appealed from that decision. The record will be remanded.

The respondent is a 29-year-old female, native and citizen of the Philippines. She was admitted into the United States on July 27, 1971, as a nonimmigrant exchange visitor under section 101(a)(15)(J) of the Act to participate in a nurse training program sponsored by Methodist Hospital, Houston, Texas. The record reflects that she was reinstated to exchange-visitor status on March 13, 1974, with extension of time until August 24, 1974. Her subsequent application to change her status to

127

that of temporary worker was evidently denied by the District Director; the record contains a letter from the Regional Commissioner dated June 26, 1975, affirming this denial. The reason for denial was that she was within the category of exchange visitors who are ineligible for adjustment until they have completed the two-year foreign residence requirement under section 212(e) of the Act.

On September 17, 1975, the respondent was found deportable under section 241(a)(2) of the Act as an overstayed nonimmigrant and was granted the privilege of voluntary departure. The respondent subsequently applied for adjustment of status and moved to reopen the deportation proceedings for consideration of her application. The immigration judge ruled that he was bound by the District Director's finding that she was subject to the foreign residence requirement. He also stated that he was without jurisdiction to determine whether she was entitled to a waiver of the residence requirement.

Prior to 1970, all aliens who were admitted into the United States as exchange visitors were ineligible to apply for an immigrant visa, permanent residence, or for a nonimmigrant (temporary worker) visa unless they had been physically present for at least two years in their country of nationality or last residence following the expiration of their stay. Waivers of the foreign residence requirement were permitted in the case of aliens who established that fulfillment of that requirement would cause extreme hardship or was not in the public interest.

The subsequent amendment of section 212(e) in 1970 effectively removed the foreign residence requirement for all exchange visitors except those who (1) participated in programs financed either in whole or in part by their country or the United States, or (2) are trained in an occupation whose skills are required by their country. These exchange visitors may still apply for a personal hardship or public interest waiver. The Department of State is charged with identifying and publishing a list of Government-financed programs and of special skills needed by individual countries. Section 212(e) of the Act. *See generally S. Rep. No. 851, 91st Cong., 2d Sess., 7.*

The respondent contends on appeal (1) that the immigration judge has the authority to review a decision by the District Director that an alien belongs to either category of exchange visitors; (2) that she is not subject to the Skills List, 22 C.F.R. 41.65(b), because she was admitted to the United States before its effective date; and (3) that, even if she is subject to it, she is not "trained in a recognized nursing specialty" and is therefore not a person whose skills are needed by her native country.

The immigration judge refused to consider evidence submitted by the respondent because of the District Director's prior determination that she was subject to the foreign residence requirement. We believe that he does have the authority to make an independent determination of this

issue. In *Matter of Ajaelo*, Interim Decision 2317 (BIA 1974), the Board held that it was prejudicial error for an immigration judge to refuse to consider evidence that the program the respondent had participated in was not a Government-financed program and he was therefore not subject to the residence requirement, when the evidence was presented in conjunction with an application for adjustment of status which was properly before him. See also *Matter of Oum*, 14 I. & N. Dec. 340 (BIA 1973).

This view is not inconsistent with our prior holdings that an immigration judge has no authority to review a decision by the District Director denying an application for a waiver of the foreign residence requirement by an exchange visitor who is concededly subject to that requirement. See *Matter of Mombo*, Interim Decision 2301 (BIA 1974); *Matter of Irie*, 10 I. & N. Dec. 372 (BIA 1963); *Matter of Rosenblatt*, 10 I. & N. Dec. 154 (BIA 1963); *Matter of Han*, 10 I. & N. Dec. 53 (BIA 1962).

The respondent contends that she is not subject to the Skills List since she obtained her visa prior to the effective date of the list. (April 25, 1972.)

It is true that the regulations state that only those aliens granted exchange visitor visas after the effective date of the Skills List shall be subject to it. See 22 C.F.R. 41.65(b). The purpose behind its prospective application is to put those exchange visitors on notice at the commencement of their stay that they will have to fulfill the foreign residence requirement before they can apply for change or adjustment of status. "Whether the foreign residence requirement is applied in each case will be determined with reference to circumstances existing at the time the exchange visitor acquired 'J' status rather than at the time he applies for adjustment of status or an immigrant visa." S. Rep. No. 851, *supra*.

An alien who is reinstated to exchange-visitor status is in substantially the same position as one who acquires that status for the first time. When the respondent was reinstated to exchange-visitor status on March 13, 1974, she received an extension of stay beyond the time permitted when she first obtained a visa. In effect, she "reacquired" exchange-visitor status, and should have been on notice that she was subject to the foreign residence requirement if trained in one of the occupations denominated on the Skills List.

We therefore conclude that an alien who is reinstated to exchange-visitor status after April 25, 1972, is subject to the Skills List in the same manner as an alien who obtains an exchange-visitor visa for the first time after that date.

The only issue remaining is whether the respondent is in fact a "registered nurse in a recognized nursing specialty." It is undisputed that she is a registered nurse. The Regional Commissioner concluded that she had worked in a cardiovascular surgery unit and was therefore

trained in a nursing specialty, but the evidence he based his decision on is not contained in the record. The respondent has submitted an affidavit by her and letters from her employers in the United States as evidence that the only training she has received here has been as a general staff nurse.

Accordingly, the motion to reopen is granted and the case will be remanded to the immigration judge for a determination of whether the respondent is subject to the foreign residence requirement as a registered nurse trained in a recognized nursing specialty. The record contains an application for adjustment of status and an approved visa petition, dated April 1, 1976, on behalf of the respondent as the daughter of a lawful permanent resident. As discussed previously, whether the respondent is subject to the foreign residence requirement relates to her statutory eligibility for adjustment of status, and the immigration judge has the authority to make this determination.

**ORDER:** The record is remanded to the immigration judge for further proceedings consistent with this opinion and the entry of a new decision.