## MATTER OF "M/V EMMA"

### In Fine Proceedings

### MIA-10/12.1461.1

### *Decided by Board April 17, 1981*

(1) Under section 273 of the Act, any bringing of an alien to the United States who does not meet the visa requirements of the Act incurs liability for a $1000 fine.

(2) There is no provision for mitigation of fines imposed under section 273 of the Act.

(3) Section 273(c) permits remission (foregiveness in full) only where prior to the carrier's departure from the last port outside the United States, the carrier did not know, and could not have ascertained by the exercise of reasonable diligence, that the individual transported was an alien and that a visa was required.

(4) The carrier's liability for violations of section 273 is established by I-94 forms which indicate that passengers he brought to the United States were aliens who did not have visas or other entry documents.

(5) The carrier is not entitled to remission under 273(c) on the basis of the argument that he had implied consent from the United States government to bring Cuban refugees to the United States because the government had not stopped private boat owners from bringing such refugees to the United States.

(6) The carrier who proceeded to Cuba to pick up alien relatives in violation of the law and bring them to the United States not only incurred a fine under section 273(c) as to the relatives, but as to other Cubans whom the government of Cuba forced upon the carrier, since there was a failure of "due diligence" both in ascertaining the requirements of the law and in placing the boat within the jurisdiction of the Cuban government under the chaotic conditions that prevailed.

In re: "M/V EMMA", which arrived at Key West, Florida, from Cuba, on June 5, 1980. Alien passengers involved: Wises Carlos *Dela Joe*-Caballero, Lazaro E. *Lawson*-Brown, Orlando *Moreno*-Camfillo, Eusebio *Goilisolo*-Vildostegio, Leonardo *Capote*-Marrero, Eduards *Suguernes*-Seuedero, Wilfredo *Gonzalez*, Manuel *Millares*-Acosta, Ramon *Perez*-Ricardo, Erosuuo *Reyes*-Rauio, and Ciro *Sanchez*-Diaz

BASIS FOR FINE: Act of 1952—Sec. 273(a) [8 U.S.C. 273(a)]—Bringing to the United States aliens not in possession of unexpired visas

ON BEHALF OF CARRIER:   Nancy I. Fernandez, Esquire
201 Sevilla, Suite 310
Coral Gables, Florida 33134

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision issued on January 5, 1981, a District Director imposed administrative fines totalling $10,000 upon Mr. Rene Rodriguez for bring-

ing 10 of the 11 above-named passengers to the United States in violation of section 273(a) of the Immigration and Nationality Act, 8 U.S.C. 1323(a). Pursuant to his prosecutorial discretion, the District Director elected not to impose a fine in connection with the 11th passenger. Mr. Rodriguez has appealed. The appeal will be dismissed.

The record shows that Mr. Rodriguez and two associates departed from the United States on April 25, 1980, bound for Cuba. On June 5, 1980, they returned to the United States with the above-named passengers. The record contains a Form I-94 for each of the passengers (Exhibit I). These forms state that the passengers were aliens who did not have visas or other entry documents.

A Notice of Intention to Fine was served on Mr. Rodriguez on the day of his return from Cuba, charging him with 11 violations of section 273(a) of the Act, on the ground that he had 11 aliens on his boat who did not have visas or other entry documents. Mr. Rodriguez filed a written defense to those charges, and, on December 16, 1980, he appeared before an immigration officer for a personal interview.

Mr. Rodriguez explained that he had been trying to bring his parents to the United States from Cuba for 3 years when the boat lift operation from Cuba started. He waited 4 or 5 days to find out whether the boats going to Cuba would be stopped. When the boat lift operation had not been stopped by the end of that period, he and two associates went to Cuba to get 10 of their relatives. While they were in Cuba, they were only able to bring three of their relatives on board their boat. However, before they were permitted to leave Cuban waters, eight additional passengers were put on board the boat by Cuban authorities. Consequently, although they had intended to bring 10 relatives back to the United States, they bought back 8 strangers and only 3 relatives.

Section 273(a) of the Act provides that it shall be unlawful for any person "to bring to the United States from any place outside thereof (other than from foreign contiguous territory) any alien who does not have an unexpired visa, if a visa was required under this Act or regulations issued thereunder." Section 273(b) provides that the fine for each violation of subsection (a) shall be $1,000.

It is important to emphasize that fines under section 273 of the Act are imposed without regard to the intentions of the carrier. It is not necessary for there to be a willful disregard of United States law. Under section 273 the carrier becomes, in effect, an insurer that its alien passengers have met the visa requirements of the Act. Any bringing to the United States of an alien who does not meet these requirements incurs liability. Further, there is no provision for mitigation of such fines. *Matter of Swissair "Flight #164,"* 15 I&N Dec. 1 (BIA 1974). Section 273(c), however, permits remission (forgiveness in full) in one circumstance: where it appears that prior to the alien's departure from the last

41

port outside the United States, the carrier did not know, and could not have ascertained by the exercise of reasonable diligence, that the individual transported was an alien and that a visa was required. What constitutes "reasonable diligence" varies according to the circumstances of the case. *Matter of "S.S. Florida,"* 3 I&N Dec. 1 (BIA; A.G. 1948).

In this case, Mr. Rodriguez contends that the record does not establish that the above-named passengers were aliens without visas or other entry documents. Secondly, he contends that in any event fines should not be imposed for the passengers who were forced upon him by Cuban authorities. Thirdly, he contends that the United States government gave implied consent to the boat lift operation by not stopping the flow of private boats between the United States and Cuba.

We first find tht the I-94 forms in the record establish that the above-named passengers were aliens who did not have visas or other entry documents. Secondly, we reject Mr. Rodriguez' argument that fines should not be imposed for the passengers who allegedly were forced upon him by the Cuban authorities. As stated above, fines under section 273 are imposed without regard to the carrier's intentions. Any bringing of an alien who does not have proper documents incurs liability.

We find further that Mr. Rodriguez has not established a basis under section 273(c) of the Act for remission of his fines. We are not persuaded by his argument that he departed for Cuba on April 25, 1980, with "implied consent" from the United States government to bring Cuban refugees to this country. It was not reasonable for him to infer such consent from the fact that private boat owners were still bringing Cuban refugees to the United States after 4 or 5 days had passed. In any event, however, it was not reasonable diligence on his part to rely upon such an inference without making any inquiries, and he has failed to establish that he could not by the exercise of reasonable diligence have ascertained the requirements of the law. Furthermore, if he had exercised reasonable prudence, he would not have placed himself and his boat under the jurisdiction of the Cuban government in the face of the chaotic circumstances that existed in Cuba at that time. We conclude, therefore, that remission of the fines is not warranted.

We conclude that the decision of the District Director is correct. The appeal, accordingly, will be dismissed.

**ORDER:** The appeal is dismissed.