# MATTER OF EASTERN AIRLINES, INC., FLIGHT #798

## In Fine Proceedings

## MIA-10/12.3124

### *Decided by Board January 23, 1989*

(1) In fine proceedings under section 273 of the Immigration and Nationality Act, 8 U.S.C. § 1323 (1982), liability cannot be avoided by proof that the alien passenger has lawful permanent resident status if he did not have proper entry documents in his possession at the time of his arrival.

(2) Fine liability cannot be avoided even if the alien was subsequently admitted as a returning lawful permanent resident alien where the alien did not have proper entry documents at the time of his arrival.

(3) Remission of a fine is not warranted where the carrier was correct in believing that the alien passenger had lawful permanent resident status if the alien did not have documents in his possession at the time of his arrival which entitled him to admission on the basis of such status.

In re:  *Eastern Airlines, Inc., Flight #798*, which arrived at Miami, Florida, on December 9, 1985, from Jamaica. Alien passenger involved: Dora Carnegie.

BASIS FOR FINE: Act of 1952—Sec. 273(a) [8 U.S.C. § 1323(a)]—Bringing to the United States alien not in possession of unexpired visa

ON BEHALF OF CARRIER:  E.D. Perry, Manager
System Facilitation
Eastern Airlines, Inc.
Miami International Airport
Miami, Florida 33148

BY: Morris, Acting Chairman; Vacca, Board Member; Williams, Temporary Board Member

In a decision dated May 20, 1986, the district director imposed an administrative fine in the amount of $1,000 on Eastern Airlines, Inc., ("the carrier") for violating section 273(a) of the Immigration and Nationality Act, 8 U.S.C. § 1323(a) (1982). The district director has certified his decision to this Board pursuant to the provisions of 8

C.F.R. § 3.1(c) (1988). The decision of the district director will be affirmed.

The carrier brought the above-named alien passenger to the United States from Jamaica on December 9, 1985. Although the alien passenger was a lawful permanent resident of the United States, she did not have an Alien Registration Receipt Card (Form I-151) or a reentry permit in her possession when she was presented for inspection. *See generally* 8 C.F.R. § 211.1 (1988). Consequently, the district director issued a Notice of Intention to Fine (Form I-79) on December 20, 1985, in which he alleged that the carrier was liable for a $1,000 fine under section 273 of the Act for bringing an alien to the United States from Jamaica without an unexpired visa or a reentry permit. The carrier did not respond to the Notice of Intention to Fine.

Apparently the district director had reservations about imposing a fine in view of the fact that the alien passenger had lawful permanent resident status. In any event, the district director certified his decision to this Board for review on May 20, 1986. On July 7, 1986, the district director received a letter from the carrier in which the carrier contended that a $1,000 fine was excessive and unjustified in the circumstances of this case. The district director forwarded this letter to the Board.

The carrier has not been able to determine what occurred when the alien passenger was boarded at Jamaica. The carrier alleges, however, that its general procedures for such situations were followed. According to the carrier, when an alien without proper documents claims to be a lawful permanent resident of the United States, reasonable diligence is exercised to ascertain whether the alien has such status. If the carrier is satisfied that the claim is true, the alien is then taken to the United States.

We agree with the district director's decision. For fine purposes under section 273 of the Act, it does not matter whether an alien passenger actually has lawful permanent resident status. The dispositive factor is whether the alien has proper entry documents in his possession at the time of his arrival. *See Matter of M/V "Emma,"* 18 I&N Dec. 40 (BIA 1981). Moreover, fine liability cannot be avoided on the basis of the fact that the alien passenger was eventually admitted to the United States as a returning lawful permanent resident. *See Matter of M/V "Runaway,"* 18 I&N Dec. 127 (BIA 1981). We are satisfied, therefore, that fine liability has been established under section 273 of the Act in this case for bringing an alien passenger to the United States who did not have proper entry documents in her possession at the time of her arrival.

The next issue is whether remission is warranted under the provisions of section 273(c) of the Act in the circumstances of this

case. Section 273(c) of the Act permits remission (forgiveness in full) in one situation only: where it appears that prior to the alien's departure from the last port outside the United States, the carrier did not know, and could not have ascertained by the exercise of reasonable diligence, that the individual transported was an alien and that a visa was required. *Matter of M/V "Emma," supra.*

The carrier apparently made an effort to ascertain whether the alien passenger was a lawful permanent resident of the United States. The carrier, however, knew, or should have known, that the alien passenger did not have documents in her possession that would entitle her to enter the United States on the basis of such status. We conclude, therefore, that remission of the $1,000 fine is not warranted under section 273(c) of the Act.

Accordingly, the following order will be entered.

**ORDER:** The decision of the district director is affirmed.