# In re Air India Airlines Flight No. AI 101

## File NYC 932639 - New York

*Decided May 4, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A carrier is subject to fine under section 273(a) of the Immigration and Nationality Act, 8 U.S.C. § 1323(a) (Supp. V 1993), for bringing an alien passenger without proper documents to the United States even though the alien passenger is a lawful permanent resident who was subsequently granted a waiver under 8 C.F.R. § 211.1(b)(3) (1994).

Jonathan A. Fuchs, Esquire, Brooklyn, New York, for carrier

Karl D. Klauck, Acting Appellate Counsel, for the Immigration and Naturalization Service

Before:    Board Panel:  HOLMES, HURWITZ, and VILLAGELIU, Board Members.

HURWITZ, Board Member:

In a decision dated November 5, 1993, the acting director of the Immigration and Naturalization Service National Fines Office ("director") imposed an administrative fine in the amount of $3000 on the carrier for one violation of section 273(a) of the Immigration and Nationality Act, 8 U.S.C. § 1323(a) (Supp. V 1993). The carrier appealed from that decision. In a decision dated April 2, 1997, the Board sustained the appeal and remanded the record for further proceedings. In a decision dated September 5, 1997, the director denied the carrier's request for remission. In an order dated March 1, 1999, the Board accepted jurisdiction of the appeal by certification pursuant to 8 C.F.R. § 3.1(c) (1999). On March 8, 1999, the carrier requested oral argument. The appeal will be dismissed and the request for oral argument is denied.[1]

---

[1]A prior request for oral argument was previously granted and oral argument was held on March 19, 1996.

## I. BACKGROUND

The carrier brought the above-named alien passenger to the United States from India on August 17, 1993. Although the alien passenger was a lawful permanent resident of the United States, she did not have an Alien Registration Receipt Card (Form I-551) or reentry permit in her possession when she was presented for inspection. The passenger was determined by the Service to be a national and citizen of India and a lawful permanent resident of the United States. Subsequent to her arrival, she was granted a visa waiver on Form I-193 (Application for Waiver of Passport and/or Visa) pursuant to 8 C.F.R. § 211.1(b)(3) (1994). On August 24, 1993, the district director issued a Notice of Intention to Fine under Immigration and Nationality Act (Form I-79), in which he alleged that the carrier was liable for a $3000 fine under section 273 of the Act for bringing an alien to the United States from India without an unexpired visa or reentry permit.

In correspondence dated August 16, 1993, the carrier disputed that fine liability existed because the alien passenger was granted a waiver under 8 C.F.R. § 211.1(b)(3). In its submission the carrier admitted that when the alien passenger boarded the plane in Bombay, India, on August 17, 1993, its agents permitted the alien passenger to board the flight in question after having processed the alien as a native and citizen of India and a lawful permanent resident of the United States who was in possession of a valid passport but not in possession of an immigrant visa or documents in lieu thereof pursuant to 8 C.F.R. § 211.1. The carrier claims, however, that because the alien passenger was subsequently granted a waiver under 8 C.F.R. § 211.1(b)(3), no fine liability exists, as the alien was not required to possess a visa as a result of the waiver. The carrier cites *Matter of Plane CCA CUT 532*, 6 I&N Dec. 262 (BIA 1954), and *Matter of Plane "CUT-604"*, 7 I&N Dec. 701 (BIA 1958). In those cases it was held that a carrier is relieved of fine liability under section 273 of the Act for bringing an immigrant to the United States without a proper visa where such person is admitted under the authority of a published regulation and the regulation provides in express terms that a visa is not required when a waiver is granted.

After consideration of the carrier's arguments, the director found that fine liability did exist and imposed a $3000 fine on the carrier on November 5, 1993. On appeal, the carrier renews its arguments that it is not liable for a fine when a waiver has been granted to the alien under 8 C.F.R. § 211.1(b)(3).

## II. SECTION 273 AND APPLICABLE REGULATIONS

Section 273(a) of the Act provides that it shall be unlawful for any person including a transportation company "to bring to the United States from

any place outside thereof (other than from foreign contiguous territory) any alien who does not have a valid passport and an unexpired visa, if a visa was required under this Act or regulations issued thereunder."[2] Section 211(b) of the Act, 8 U.S.C. § 1181(b) (1994), provides that, under such conditions as may be by regulations prescribed, returning resident immigrants who are otherwise admissible may be readmitted to the United States by the Attorney General in her discretion without being required to obtain a passport, immigrant visa, reentry permit, or other documentation. For fine purposes under section 273, whether an alien passenger actually was a lawful permanent resident is not conclusive. The dispositive factor is whether the alien has proper entry documents in his possession at the time of his arrival. *See Matter of "M/V Emma"*, 18 I&N Dec. 40 (BIA 1981). Fine liability cannot necessarily be avoided on the basis of the fact that the alien passenger was eventually admitted to the United States as a returning lawful permanent resident. *See Matter of M/V "Runaway",* 18 I&N Dec. 127 (BIA 1981).

Fine liability is determined as of the time an alien is brought to the United States and pursuant to the regulations in effect at that time. *Matter of Plane "CUT-604", supra*. The relevant regulation in effect at the time of the alien passenger's arrival, 8 C.F.R. § 211.1, provided in pertinent part:

Visas.

(a) *General*. A valid unexpired immigrant visa shall be presented by each arriving immigrant alien applying for admission to the United States for lawful permanent residence, except as [sic] immigrant alien who: (1) Is a child born subsequent to the issuance of an immigrant visa to accompanying parent . . . or (2) is a child born during the temporary visit abroad of a mother who is a lawful permanent resident alien, or a national, of the United States . . . .

(b)(1) *Alien Registration Receipt Card . . .—(i) Alien not travelling pursuant to government orders.* An Alien Registration Receipt Card may be presented in lieu of an immigrant visa by an immigrant alien who is returning to an unrelinquished lawful permanent residence in the United States . . . (ii) *Alien traveling pursuant to government orders.* An Alien Registration Receipt Card, including an expired Alien Registration Receipt Card issued to a conditional resident may be presented in lieu of an immigrant visa by an immigrant alien who is returning to an unrelinquished lawful permanent residence in the United States . . . .

(2) *Reentry permit.* Any immigrant alien returning to an unrelinquished lawful permanent residence in the United States after a temporary absence abroad may present a valid unexpired reentry permit . . . .

(3) *Waiver of visas.* An immigrant alien returning to an unrelinquished lawful per-

---

[2]We note that section 273(a) of the Act has been redesignated as section 273(a)(1) by section 308(c)(3)(A) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-616 (effective Apr. 1, 1997), but that amendment does not affect our decision in this case.

manent residence in the United States after a temporary absence abroad who satisfies the district director in charge of the port of entry that there is good cause for his failure to present an immigrant visa, Form I-151 or I-551, or reentry permit may, upon application on Form I-193, be granted a waiver of that requirement.

8 C.F.R. § 211.1 (1994).

## III. ISSUES PRESENTED

On appeal the carrier asserts that it exercised reasonable diligence in boarding the alien passenger because it maintains that the waiver granted to the passenger under 8 C.F.R. § 211.1(b)(3) is a "blanket waiver," i.e., a waiver that is categorically applied to a specified group of aliens to exempt them from presentation of documents. It maintains that the regulations at issue in this case are identical in effect to the applicable regulations in *Matter of Plane CCA Cut 532, supra*,[3] and *Matter of Plane "CUT-604", supra*.[4]

In its defense the carrier also notes that when the regulation at issue in this case was promulgated in 1966, it was issued as a final rule without invitation for comment. The carrier maintains that this procedure was used because the Attorney General deemed unnecessary compliance with the provisions of Title V, section 553 the Administrative Procedure Act, 5

---

[3] The applicable regulation in *Matter of Plane CCA Cut 532* provided:

> *Immigrants not required to present visas*. Aliens of the following-described classes . . . who are otherwise admissible, who have been lawfully admitted to the United States for permanent residence, and who are applying for admission to the United States after a temporary absence, are not required to present visas: . . .

> (e) Any alien in whose particular case a waiver of the visa requirement is granted . . . upon a determination . . . that presentation of a visa is impracticable because of emergent circumstances over which the alien has no control and that undue hardship would result to such alien if such presentation is required: . . .

> 8 C.F.R. § 211.3 (1954), *quoted in Matter of Plane CCA Cut 532, supra*, at 702.

[4] The applicable regulation in *Matter of Plane "CUT-604"* provided:

> *Visas*. A valid unexpired immigrant visa shall be presented by each arriving immigrant alien except an immigrant who (a) was born subsequent to the issuance of an immigrant visa to his accompanying parent and applies for admission during the validity of such a visa, or (b) is returning to an unrelinquished lawful permanent residence after a temporary absence abroad (1) not exceeding one year . . . or (2) presents a valid unexpired reentry permit . . . , or (3) satisfies the district director in charge of the port of entry that there is good cause for the failure to present the required document, in which case an application for waiver shall be made on Form I-193.

8 C.F.R. § 211.1 (1957), *quoted in Air Espana v. Brien*, No. 95-CV-1650, 1997 WL 46992, at *13 (E.D.N.Y. June 18, 1997).

U.S.C. § 551, as it was felt the rule confers "benefits on persons affected thereby." *See* 31 Fed. Reg. 13,387 (1966). The carrier argues that, as this same procedure was followed when the 1957 regulation was issued, *see* 22 Fed. Reg. 6377 (1957), the 1966 regulations should be deemed to have the same interpretation.

The carrier also asserts that it is the intent of Congress to exonerate carriers when passengers are granted documentary waivers under the regulations. It notes that the Attorney General, in response to the Board's decision in *Matter of PAA Plane Flight 204*, 6 I&N Dec. 810 (BIA 1955), which found that the regulations provided for an individual waiver and thus the carrier was liable for a fine, amended the regulation in 1957 to confer a blanket waiver.

In its defense the carrier also cites the version of 8 C.F.R. § 211.1(b)(3) as it was revised on March 6, 1997.[5] It notes that the comments accompanying the regulation state that the express purpose of the revision was to make it "easier to comprehend." 62 Fed. Reg. 444, 453 (1997). The carrier maintains that, as it is clear that no fine liability exists under this regulation,[6] a similar interpretation is warranted for the regulation at issue in its case.

The Service asserts that it properly fined the carrier because the document waiver under 8 C.F.R. § 211.1(b)(3) is not a blanket waiver under the relevant regulations, but an individual one. It argues that the regulation at

---

[5]In pertinent part, the regulation, which was issued as a proposed regulation on January 3, 1997, and as an interim regulation on March 6, 1997, provides as follows:

(a) *General*. Except as provided in paragraph (b) of this section, each arriving alien applying for admission . . . into the United States for lawful permanent residence, or as a lawful permanent resident returning to an unrelinquished lawful permanent residence in the United States, shall present one of the following:

    . . . .

(b) *Waivers*. . . .

(3) If an immigrant alien returning to an unrelinquished lawful permanent residence in the United States after a temporary absence abroad believes that good cause exists for his or her failure to present an immigrant visa, Form I-551, or reentry permit, the alien may file an application for a waiver of this requirement with the district director in charge of the port-of-entry. To apply for this waiver, the alien must file Form I-193, Application for Waiver of Passport and/or Visa . . . . In the exercise of discretion, the district director in charge of the port-of-entry may waive the alien's lack of an immigrant visa, Form I-551, or reentry permit and admit the alien as a returning resident, if the district director is satisfied that the alien has established good cause for the alien's failure to present an immigrant visa, Form I-551, or reentry permit.

62 Fed. Reg. 10,346-47 (1997); *see also* 8 C.F.R. § 211.1 (1998).

[6]The carrier, in making this assertion, evidently relies on comments made by Service officials to its attorneys. *See Air Espana v. Brien*, No. 95-CV-1650, 1998 WL 178823, at *1 (E.D.N.Y. Feb. 11, 1998).

issue is similar in terminology to the one discussed in *Matter of PAA Plane Flight 204, supra*, in which the Board held that the carrier could be lawfully fined although the alien passenger was granted a waiver.[7] The Service therefore maintains that fine liability is proper. In its response, the Service also notes that on July 22, 1998, the regulations were again amended to make the waiver under 8 C.F.R. § 211.1 an individual waiver, subjecting a carrier to a fine. *See* 63 Fed. Reg. 39,217 (1998).

## IV. DISCUSSION

It is well established that a regulation promulgated by the Attorney General has the force and effect of law as to this Board. *Matter of Fede*, 20 I&N Dec. 35 (BIA 1989). As the wording and effect of 8 C.F.R. § 211.1 has changed a number of times over the years, we must examine the wording of the regulations in effect at the time of the passenger's arrival in the present case. In this assessment we find that a visa or other entry document was required under the regulatory provisions which control this case, and that the granting of the alien passenger's waiver request did not free the carrier from fine liability. In our examination of the regulations, we find that the regulations in effect at the time of the alien passenger's arrival have the same legal effect as those governing the result in *Matter of PAA Plane Flight 204, supra*. The regulations in that case provided that

> [a]ny alien . . . who has been lawfully admitted to the United States for permanent residence and who is applying for admission to the United States after a temporary absence may be granted . . . a visa waiver . . . upon a determination . . . that presentation of a visa . . . is impracticable because of emergency circumstances over which the alien has no control and that undue hardship would result to such alien if such presentation is required . . . .

8 C.F.R. § 211.3 (1955), *quoted in Matter of PAA Plane Flight 204, supra*, at 811. In that case it was held that this regulation did not create a blanket waiver under section 211(b) of the Act.

---

[7]As amended on December 24, 1954, the relevant regulation provided, in part:

> *Authority to grant individual waivers*. Any alien . . . who has been lawfully admitted to the United States for permanent residence and who is applying for admission to the United States after a temporary absence may be granted . . . a visa waiver . . . upon a determination . . . that presentation of a visa . . . is impracticable because of emergent circumstances over which the alien has no control and that undue hardship would result to such alien if such presentation is required: . . .

> 8 C.F.R. § 211.3 (1954), *quoted in Matter of PAA Plane Flight 204, supra*, at 811.

In the present case, 8 C.F.R. § 211.1(a) (1994) provided that a valid unexpired visa had to be presented by each arriving immigrant alien applying for admission to the United States for lawful permanent residence, except an immigrant alien who was a child born subsequent to the issuance of an immigrant visa to his accompanying parent and fulfilled other requirements, or who was a child born abroad of a mother who was a lawful permanent resident or national of the United States and who fulfilled additional requirements. 8 C.F.R. § 211.1(b)(3) (1994) provided that

> [a]n immigrant alien returning to an unrelinquished lawful permanent residence in the United States after a temporary absence abroad who satisfies the district director in charge of the port of entry that there is good cause for his failure to present an immigrant visa, Form I-151 or I-551, or reentry permit may, upon application on Form I-193, be granted a waiver of that requirement.

Under such regulatory scheme, a visa, Form I-551, or reentry permit was required of the alien passenger in this case, subject to waiver on an individual basis under 8 C.F.R. § 211.1(b)(3).

Notwithstanding the carrier's claims to the contrary, we find that the present regulatory scheme is not analogous to the situations in *Matter of Plane CCA CUT 532, supra*, and *Matter of Plane "CUT-604", supra*. In both of those cases, the regulations under 8 C.F.R. § 211 were written in a manner to make clear that a visa was not required of a returning permanent resident if a waiver had been granted.

The carrier asserts that an interpretation of the regulations which results in fine liability does not comport with the intent of Congress, but such argument has been rejected by the Board in other decisions concerning similarly worded regulations. *See Matter of PAA Plane Flight 204, supra; Matter of SS. Florida*, 6 I&N Dec. 85 (BIA 1954) (holding that although a nonimmigrant was granted an individual waiver after arrival, a fine was properly assessed). The carrier also maintains that amendment of the regulations by the Attorney General in 1957 and in 1997 to provide for a blanket waiver shows the intent of the Attorney General (and Congress) to provide such a waiver. We note, however, that the 1954 regulations provided for an individual waiver (and fine liability), and we find in this case that fine liability exists under the regulations here. Consequently, it is evident that the regulatory scheme has varied over the years, including most recently in 1997 and 1998. The carrier also notes that comments accompanying the 1997 version of 8 C.F.R. § 211.1 reflect that such regulation, which provided for a blanket waiver (and no fine liability for carriers), did not constitute a substantive change. However, such argument is clearly undermined by the 1998 revision. More importantly, such revisions of the regulatory scheme over the years serve to underscore the principle that fine liability is based on the wording of the regulations

in effect at the relevant time.[8]

  **ORDER:** The appeal is dismissed.

---

[8]The carrier notes that the commentary accompanying the issuance of the 1966 regulation stated that such regulation was a final rule without invitation for comment because the rule conferred "benefits on persons affected thereby." 31 Fed. Reg. at 13,387. On such basis the carrier maintains that it is a beneficiary of the rule and any interpretation should not be unfavorable to it. We find that the primary beneficiary of the regulation is the alien. In any event, it is the language of the regulation which controls our adjudication of the case.